IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS, INDIANA

| | |
|---|---|
| ISAIAH JONES ) | |
|     Plaintiff, ) | |
| ) CIVIL ACTION NO: 1:22-cv-1318 | |
| ) | |
| v. ) | |
| ) | |
| NTN DRIVESHAFT ANDERSON ) | |
|     Defendant ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, named above, complains of act and omissions to act by the Defendant. In support of his Complaint and as cause of action against Defendant. Plaintiff respectfully submits the following:

### JURISDICTION

1. This suit is authorized and instituted pursuant to Title VII 42 U.S.C. § 2000e and 42 U.S.C. § 1981 both as amended by the Civil Rights Act of 1991.

2. Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") and received his Final Agency Decision on or about April 3, 2022.

### PARTIES

3. Plaintiff was born an African American female and transitioned to a male and at all relevant times he resided in the Southern District of Indiana.

4. NTN Driveshaft Anderson, Inc., ("NTN") is in the Southern District of Indiana.

5. NTN is located in Madison County, Indiana, which is in the Southern District of Indiana.

### FACTS

6. Plaintiff began working for the Defendants on or about August 2020.

7. Plaintiff was born an African American female and transitions to a male.

8. On or about August 18, 2020, Plaintiff presented to NTN an "Order on Verified Petition for Change of Name and Gender."

9. Plaintiff changed his name to Isaiah Jones and his gender to male.

10. Plaintiff worked as a Production Operator.

11. Plaintiff performed his job well.

12. During Plaintiff's employment with NTN his co-workers and supervisors began harassing him regarding his transition and sexuality.

13. Co-worker, Bethany Brooks ("Brooks") personally began to question Plaintiff about his sexuality and that she needed a "yes" or "no" response.

14. Plaintiff admitted to Brooks that he was born a female but identified as a male.

15. Joseph Redd was engaging in the same conduct as Brooks.

16. On or about September 2020, Plaintiff complained about the harassment to NTN's Human Resource Department ("HR") director, Jackie Carr regarding Brooks and Redd.

17. Plaintiff was instructed to handle the situation himself.

18. No investigation took place.

19. The harassment continued throughout Plaintiff's employment.

20. Plaintiff made another complaint on or about January 2021 to HR.

21. On or about January 2021, Plaintiff reported to HR that co-worker, Angelik Sawyer ("Sawyer") was informing everyone at the job that Plaintiff was really a female instead of a male.

22. On or about January 2021, Plaintiff reported to HR that co-worker, Coby Chamberlain informed another co-worker, Devrin Morgan that Plaintiff was really a female and was not born a male.

23. Plaintiff reported his co-workers harassing behavior to HR.

24. Later Plaintiff's Supervisor, Ricky Crawley ("Crawley") confronted Plaintiff about his transition from female to male and informed Plaintiff that another employee, Jacob Bybee ("Bybee") was informing others at NTN that Plaintiff was born a female.

25. Plaintiff asked Crawley to resolve the matter; however, Crawley told Plaintiff to "handle it like a man."

26. Plaintiff was offended with Crawley's comment.

27. Plaintiff additionally, reported Crawley and Bybee's conduct to Teresa Amburgey ("Amburgey ") in the HR Department on or about January 2021.

28. Amburgey informed Plaintiff that she would talk to the employees.

29. No investigation took place.

30. HR informed Plaintiff that they did not know how to handle his situation because his situation was difficult to handle and because Plaintiff was the only transgender at NTN.

31. Approximately two (2) day after Plaintiff made his complaints to HR, Plaintiff complained again to the Plant Manager, Tyrone Thomas ("Thomas").

32. Thomas informed Plaintiff that he would "handle it" and investigate the matter.

33. No investigation took place.

34. The harassing conduct continued repeatedly and constantly throughout Plaintiff's employment that it effected the terms and condition of his employment, which created a hostile, intimidating, and offensive working environment.

35. On February 24, 2021, NTN terminated Plaintiff's employment.

36. NTN reasons for termination is pretextual.

37. NTN retaliated against Plaintiff when it terminated Plaintiff.

38. Plaintiff had to put himself into therapy as a result of the conduct that he was subjected to from co-workers and supervisors.

39. Other similarly situated employees who are outside of Plaintiff's protected class and/or did not engage in protected activity were not treated as harshly as Plaintiff.

40. Other similarly situated employees who engaged in similar or worse conduct, such as smoking illegal drugs (i.e. marijuana) were not terminated and were given opportunities to correct their conduct without having to face immediate termination.

41. Other similarly situated employees who engaged in similar conduct, as Supervisor, Thomas Bailey observing Tyler Murray sleeping on the job and was not terminated.

## COUNT 1

42. Plaintiff incorporates by reference paragraphs 1-41.

43. Defendants discriminated against Plaintiff due to his sex/gender in violation of Title VII 42 U.S.C § 2000 et al.

## COUNT II

44. Plaintiff incorporates by reference paragraphs 1-41.

45. Defendants discriminating against Plaintiff due to his sex/gender in violation of 42 U.S.C § 1981 as amended.

## COUNT III

46. Plaintiff incorporates by reference paragraphs 1-41.

47. Defendants creating and did not correct a hostile and harassing work environment against Plaintiff due to his sex/gender in violation of Title VII 42 U.S.C. § 2000 et al of the 1964 Civil Rights Act as amended.

## COUNT IV

48. Plaintiff incorporates by reference paragraphs 1-41.

49. Defendants creating and did not correct a hostile and harassing work environment against Plaintiff due to his sex/gender in violation of 42 U.S.C. § 1981 as amended.

## COUNT V

50. Plaintiff incorporates by reference paragraphs 1-41.

51. Defendants retaliated against Plaintiff due to his protected activity in violation of Title VII 42 U.S.C. § 2000e et al.

## COUNT VI

52. Plaintiff incorporates by reference paragraphs 1-41.

53. Defendants retaliated against Plaintiff due to his protected activity in violation of 42 U.S.C. § 1981 as amended.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A. Award Plaintiff lost wages and benefits lost;

B. Award for front pay and benefits;

C.  Award for punitive damages;

D.  Award Plaintiff compensatory damages for future pecuniary loss, emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life;

E.  Award Plaintiff his cost on this action and reasonable attorney fees;

F.  Grant Plaintiff the right to return to his employment; and

G.  Grant Plaintiff any other just and proper relief which is allowable under the circumstances of this matter.

Respectfully submitted,

/s/ Deidra N. Haynes
Attorney for Plaintiff

**REQUEST FOR JURY TRIAL**

Comes now the Plaintiff and requests that this cause be tried by jury.

Respectfully submitted,

/s/ Deidra N. Haynes
Attorney for Plaintiff

Deidra N. Haynes, #28968-49
Law Office of Deidra N. Haynes, LLC
7007 Graham Road, Suite 102
Indianapolis, Indiana 46220
Tel: 317-982-7396